UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CV 7532

------------------------------------------------------------X
CBS BROADCASTING INC.,
NBC STUDIOS, INC.,
UNIVERSAL NETWORK TELEVISION, LLC,
NBC SUBSIDIARY (KNBC-TV), INC.
TWENTIETH CENTURY FOX FILM CORPORATION,
FOX TELEVISION STATIONS, INC.,
ABC HOLDING COMPANY INC.,
and DISNEY ENTERPRISES, INC.,

    Plaintiffs,

v.

FILMON.COM, INC.,

    Defendant.
------------------------------------------------------------X

10 Civ. ____

[RECEIVED OCT 01 2010 U.S.D.C. S.D.N.Y. CASHIERS stamp]

## COMPLAINT FOR DAMAGES AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs CBS Broadcasting Inc., NBC Studios, Inc., Universal Network Television, LLC, Twentieth Century Fox Film Corporation, Fox Television Stations, Inc., ABC Holding Company Inc., and Disney Enterprises, Inc., (collectively, "plaintiffs"), by their attorneys, complain and allege against defendant FilmOn.com, Inc. as follows:

### NATURE OF THE ACTION

1. At least as early as September 27, 2010, defendant has been streaming over the Internet, to subscribers located throughout at least the United States, numerous broadcast television stations and the copyrighted programming on those stations – all without the consent of the affected stations or copyright owners. Defendant's actions are similar to those of the defendants in *WPIX, Inc. v. Ivi, Inc.*, No. 1:10-cv-07415-NRB (S.D.N.Y., filed Sep. 28, 2010), in

which the plaintiffs here are among the complainants. The purpose of this action is to restrain defendants from exploiting without authorization, and violating plaintiffs' rights in, some of the most valuable intellectual property created in the United States.

2. Defendant offers and sells online access, via the website http://www.filmon.com, to the signals of broadcast television stations owned by plaintiffs and others and to stations on which the plaintiffs' copyrighted programming is shown. Defendant is providing this commercial service featuring plaintiffs' programming twenty-four hours a day, every day, without the authorization of any of the affected stations or copyright owners.

3. Defendant launched its infringing Internet TV service to coincide with the start of the new fall television season, thereby misappropriating some of the most important copyrighted content at a critical time of the year. Defendant markets real-time access to copyrighted programming throughout the United States.

4. Unless restrained by this Court, the loss of control over the distribution of plaintiffs' broadcast signals and copyrighted programming, the preemption of plaintiffs' opportunities to license content over new media, and the other unlawful conduct contemplated by defendant threatens plaintiffs with substantial irremediable losses.

5. Plaintiffs ask that the Court preliminarily and permanently enjoin defendant's unlawful conduct and award damages arising out of defendant's unlawful conduct.

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

7. This Court has exclusive subject matter jurisdiction under 28 U.S.C. § 1338, with respect to plaintiffs' copyright claims.

8. Defendant transacts business in the District over the Internet. It operates a website, FilmOn.com, that offers goods and services to users in this District, New York, and across the country, for a fee. Defendant's website offers various subscription services to customers in New York including the $9.99 per month "Pure Pack."

9. Venue is properly laid in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400 (a).

## THE PARTIES

10. Plaintiff CBS Broadcasting Inc. ("CBS") is a New York corporation with its principal place of business at 51 West 52nd Street, New York, New York. CBS is actively engaged in the production and distribution of television programs and other copyrighted works – including programs CBS transmits to numerous broadcast television stations in the United States that are affiliated with its CBS Television Network, including stations that it owns and operates. CBS grants these stations the right to broadcast programming within their communities of license. The FCC has licensed CBS to operate the television station identified by the call letters KCBS-TV ("KCBS"), the signal of which is broadcast to viewers in the Los Angeles market. Cable systems, satellite services and other multichannel video programming distributors also make KCBS transmissions available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

11. Plaintiff NBC Studios, Inc. ("NBC Studios") is a New York corporation with its principal place of business at 100 Universal City Plaza, Universal City, California 91608. NBC Studios is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States

affiliated with the NBC Television Network, which is owned by NBC Studios' parent company, NBC Universal, Inc..

12.     Plaintiff Universal Network Television, LLC ("UNT") is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California 91608. UNT is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the NBC Television Network, which is owned by UNT's parent company, NBC Universal, Inc..

13.     Plaintiff NBC Subsidiary (KNBC-TV), Inc. ("KNBC"), is a Delaware corporation with its principal place of business at 3000 W Alameda Ave., Burbank, California 91523. KNBC owns and operates the television station KNBC-TV, an FCC-licensed broadcast station that broadcasts to viewers over the air on channel 4 in the Los Angeles market. KNBC is actively engaged, among other things, in the production and distribution of television programs and other copyrighted works, including local news programming. Cable systems, satellite services and other multichannel video programming distributors also make KNBC transmissions available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

14.     Plaintiff Twentieth Century Fox Film Corporation ("Fox") is a Delaware corporation with its principal place of business at 10201 W. Pico Blvd., Los Angeles, California. Fox (together with its subsidiaries and affiliates) is actively engaged in the worldwide production and distribution of copyrighted entertainment products, including programs. that television broadcast stations and other media outlets transmit or retransmit to the public. Fox typically

grants these stations and TV networks licenses to broadcast programming on these stations within their local markets only.

15. Plaintiff Fox Television Stations, Inc. ("Fox TV") is a Delaware corporation with its principal place of business at 1211 Avenue of the Americas, New York, New York. Fox TV owns and operates many local broadcast television stations. These stations are actively engaged in the production and distribution of television programs and other copyrighted works in the United States. Among the Fox TV stations is the television station with the call letters KTTV ("KTTV"), the signal of which is broadcast to viewers over-the-air in the Los Angeles market. The FCC has licensed Fox TV to operate KTTV. Cable systems, satellite services and other multichannel video programming distributors also make KTTV transmissions available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

16. Plaintiff ABC Holding Company Inc., doing business as KABC-TV, is a Delaware company with its principal place of business in Burbank, California. It holds the FCC license for KABC-TV, which is broadcast to viewers over the air in the Los Angeles market. Cable systems, satellite services and other multichannel video programming distributors also make KABC-TV transmissions available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

17. Plaintiff Disney Enterprises, Inc. ("DEI") is a Delaware corporation with its principal place of business at 500 S. Buena Vista Street, Burbank, California. DEI is actively engaged in the licensing of its copyrighted properties, and certain of its affiliates are engaged in the worldwide production and distribution of copyrighted entertainment products, including

programs that television broadcast stations and other media outlets transmit or retransmit to the public.

18.     On information and belief, defendant FilmOn.Com, Inc. is a company incorporated in Delaware with principal place of business in Los Angeles, California.

## NATURE OF DEFENDANT'S UNLAWFUL CONDUCT

19.     On or before September 27, 2010, defendant began operating its for-profit commercial service that provides subscribers with online access to all of the programming telecast by numerous broadcast television stations (collectively, the "Stations") and several cable television networks.

20.     Upon information and belief, defendant captures the signals of the Stations in their local markets, transmit those signals to defendant's servers, and then streams the signals over the Internet to customers.

21.     To take advantage of defendant's service, including access to all of the programming on the Stations, an individual with Internet access need only (a) access the FilmOn website (http://www.filmon.com/) on his or her computer; (b) download software necessary for viewing the pirated content; (c) subscribe to the FilmOn service; (d) agree to the terms of an end user license; and (e) pay the defendant a fee. The principal pages of the FilmOn website explaining this are attached hereto as Exhibit 1.

22.     A FilmOn subscriber may download, install and use on a computer (or other applicable device) the "FilmOn HDi Player" application. That application allows the subscriber to access the television programming exhibited by the Stations and all of the other broadcast

6

television stations that defendant streams. FilmOn offers various subscription services to customers including the $9.99 per month "Pure Pack."

23. Defendant has not obtained the authorization of plaintiffs to stream over the Internet the signals of the Stations or the programming broadcast by them, which include copyrighted content owned by plaintiffs.

24. FilmOn's press release on September 27, 2010 advertises "over 30 premium free to air television channels . . . including CBS, ABC, NBC . . . ." Press Release, Sept. 27, 2010, Exhibit 2.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

25. Plaintiffs hereby incorporate by reference and reallege each and every allegation of paragraphs 1 through 24 above.

26. Plaintiffs (and/or their parents, subsidiaries or affiliates) are the legal or beneficial owners of the copyrights in numerous programs that have been, or will be, exhibited over broadcast television stations and a variety of other media outlets. A non-exhaustive list of such television programs, identifying representative examples of programs in which plaintiffs (and/or their parents, subsidiaries or affiliates) own the pertinent copyright interests, is set forth in Exhibit 3 ("TV Programs").

27. Each such TV Program is an original audiovisual work that has been or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102. Each such TV Program has been or will be registered with the United States Copyright Office or is the subject of an application for registration filed with the Copyright Office. Representative examples of the copyright

registration certificates or other documentation demonstrating compliance with Sections 408(f) and 411 of the Copyright Act, 17 U.S.C. §§ 408 (f) & 411, and implementing Copyright Office regulations, corresponding to the TV Programs identified in Exhibit 3, are attached hereto as Exhibits 4 to ▓.

28. Each TV Program has been created or licensed for exhibition by plaintiffs (and/or their parents, subsidiaries or affiliates), the transmissions of which the defendant is streaming without authorization as part of its FilmOn.com service. On information and belief, defendant has streamed or will stream, as part of FilmOn.com's unauthorized service, each TV Program and numerous other works in which plaintiffs own copyrights.

29. Under Section 106 of the Copyright Act, 17 U.S.C. § 106, plaintiffs (and/or their parents, subsidiaries or affiliates) own the exclusive rights, among others, to reproduce in copies their copyrighted works, to distribute copies to the public of their copyrighted works, to publicly perform their copyrighted works, to publicly display their copyrighted works, and to make derivative works based upon their copyrighted works.

30. Under Section 106 of the Copyright Act, 17 U.S.C. § 106, plaintiffs (and/or their parents, subsidiaries or affiliates) also own the exclusive rights to authorize others to exercise the rights set forth in the preceding paragraph 29.

31. Neither the plaintiffs nor any other person authorized by plaintiffs have granted any license, permission or authorization to defendants to exercise any of the rights set forth in paragraph 29 or to authorize others to exercise such rights, respecting the TV Programs or any other works in which plaintiffs (and/or their parents, subsidiaries or affiliates) own copyrights.

32. In offering the FilmOn.com service, defendant has exercised and will exercise (or have authorized or will authorize others to exercise) one or more of plaintiffs' exclusive rights

set forth in paragraph 29 respecting the TV Programs and other works in which plaintiffs (and/or their parents, subsidiaries or affiliates) own copyrights.

33. Defendant has committed and will commit each act of copyright infringement with the knowledge that it was not authorized to exercise any of the rights (or authorize others to exercise any of the rights) set forth in paragraph 29 respecting the TV Programs and other works in which plaintiffs (and/or their parents, subsidiaries or affiliates) own copyrights. Defendant's conduct thus has constituted and will constitute willful copyright infringement.

34. As a result of defendant's willful copyright infringement, plaintiffs have been and are being irreparably harmed.

35. Unless restrained by the Court, defendant will continue to engage in such willful copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court enter judgment in plaintiffs' favor and against defendant as follows:

A. Adjudge and declare, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 (a) & 2202, that defendant has infringed plaintiffs' copyrights in violation of 17 U.S.C. § 101 *et seq.*, by operating the FilmOn.com service and engaging in the conduct described above;

B. Issue a preliminary and permanent injunction enjoining and restraining defendant and its officers, agents, servants, and employees and all those in active concert or participation with them, from infringing plaintiffs' exclusive rights under the Copyright Act by offering the FilmOn.com service and engaging in the conduct described above;

C.  Award plaintiffs their damages, costs and reasonable attorneys' fees in accordance with 17 U.S.C. §§ 504 and 505 and other applicable law; and

D.  Award such other and further relief as the Court shall deem just and appropriate.

By: *[signature]*
Peter L. Zimroth
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York
(212) 715-1000
*peter.zimroth@aporter.com*

-- and --

Robert Alan Garrett
Hadrian R. Katz
C. Scott Morrow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000
*robert.garrett@aporter.com*
*hadrian.katz@aporter.com*
*scott.morrow@aporter.com*

*Counsel for Plaintiffs*

Dated: October 1, 2010