UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CBS BROADCASTING, INC., <br> NBC STUDIOS, INC. <br> UNIVERSAL NETWORK TELEVISION, LLC <br> NBC SUBSIDIARY (KNBC-TV), INC. <br> TWENTIETH CENTURY FOX FILM CORPORATION, <br> FOX TELEVISION STATIONS, INC., <br> ABC HOLDING COMPANY, INC., <br> and DISNEY ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FILMON.COM, INC., <br><br> Defendant. | Case No. <br> 10-CV-7532-NRB <br><br> DEFENDANT'S ANSWER TO COMPLAINT |

Defendant Filmon.com, Inc. ("Defendant"), by and through its attorneys, Zarin & Associates P.C., answers Plaintiffs CBS Broadcasting, Inc., NBC Studios, Inc., Universal Network Television, LLC, NBC Subsidiary (KNBC-TV), Inc., Twentieth Century Fox Film Corporation, Fox Television Stations, Inc., ABC Holding Company, Inc., and Disney Enterprises, Inc., (collectively "Plaintiffs") Complaint as follows:

## NATURE OF THE ACTION

1. To the extent that Plaintiffs' allegations relate to Filmon.com's conduct prior to the Court's issuance of a temporary restraining order, Filmon.com admits the allegations contained in paragraph 1 of the Complaint that, since September 27, 2010, Filmon.com has streamed over the Internet, to subscribers throughout the

United States, programs in which Plaintiffs claim copyright ownership, without Plaintiffs' consent. Filmon.com denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 that its actions are similar to those of defendants in *WPIX, Inc. v. IVI, Inc.*, Case No. 10-7415, and that the purpose of this action is to restrain Defendant from exploiting and violating Plaintiffs' intellectual property rights. Defendant denies all remaining allegations contained in paragraph 1 of the Complaint.

2. To the extent that Plaintiffs' allegations relate to Filmon.com's conduct prior to the Court's issuance of a temporary restraining order, Filmon.com admits the allegations contained in paragraph 2 of the Complaint that it offers and sells online access to the signals of Plaintiffs through which programs in which Plaintiffs claim copyright ownership are broadcast, without Plaintiffs' authorization. Defendant denies all remaining allegations contained in paragraph 2 of the Complaint.

3. To the extent that Plaintiffs' allegations relate to Filmon.com's conduct prior to the Court's issuance of a temporary restraining order, Filmon.com admits the allegations contained in paragraph 3 of the Complaint that it markets real-time access to Plaintiffs' programming throughout the United States, but denies all remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

## THE PARTIES

10. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

**NATURE OF DEFENDANT'S ALLEGED UNLAWFUL CONDUCT**

19. Filmon.com admits the allegations contained in paragraph 19 of the Complaint.

20. Filmon.com admits the allegations contained in paragraph 20 of the Complaint.

21. To the extent that Plaintiffs' allegations relate to Filmon.com's conduct prior to the Court's issuance of a temporary restraining order, Filmon.com admits the allegations contained in paragraph 21 of the Complaint.

22. To the extent that Plaintiffs' allegations relate to Filmon.com's conduct prior to the Court's issuance of a temporary restraining order, Filmon.com admits the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in paragraph 24 of the Complaint.

## COUNT I
## COPYRIGHT INFRINGEMENT

25. Defendant repeats and realleges each and every response contained in paragraphs 1 through 24 of this Answer as if fully set forth herein.

26. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28. Filmon.com admits the allegations contained in paragraph 28 of the Complaint that it has streamed, without authorization, programs in which Plaintiffs have claimed copyright ownership, but denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 28.

29. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs lack copyright ownership rights in a number of the works in which they claim Defendant to be infringing.

### Third Affirmative Defense

Plaintiffs lack standing to bring their claim for copyright infringement with respect to a number of the works in which they claim Defendant to be infringing.

### Fourth Affirmative Defense

Plaintiffs lack the requisite copyright registration, pursuant to 17 U.S.C. §411, to bring a copyright infringement claim with respect to a number of the works in which they claim Defendant to be infringing.

### Fifth Affirmative Defense

Plaintiffs cannot make out a prima facie case of copyright infringement because they cannot establish that Filmon.com copies their allegedly copyrighted

works.

### Sixth Affirmative Defense

Defendant is exempt from liability for copyright infringement, pursuant to 17 U.S.C. §111(c), because it is a cable system.

### Seventh Affirmative Defense

Defendant is exempt from liability for copyright infringement, pursuant to 17 U.S.C. §111(a)(3), because it is a carrier.

### Eighth Affirmative Defense

Plaintiffs' copyright infringement claim is barred by the doctrine of fair use.

### Ninth Affirmative Defense

Plaintiffs are equitably estopped from asserting their copyright infringement claim.

### Tenth Affirmative Defense

Plaintiffs have waived their right to assert their copyright infringement claim.

### Eleventh Affirmative Defense

Plaintiffs have acquiesced in Defendant's conduct.

### Twelfth Affirmative Defense

Plaintiffs are barred from asserting their copyright infringement claim due to their unclean hands.

## JURY DEMAND

Defendant demands a trial by jury of all issues so triable.

WHEREFORE, Defendant demands a judgment dismissing Plaintiffs' Complaint, along with an award of costs, disbursements and reasonable attorney fees, in addition to such other relief as this Court deems just and proper.

November 30, 2010

_____
Scott Zarin, Esq. (SZ7134)
Zarin & Associates, P.C.
1700 Broadway, Suite 3100
New York, NY 10019
Tel. No. (212) 580-3131
Fax No. (212) 580-4393
scottzarin@copyrightrademarkcounsel.com

Attorneys for Defendant
FilmOn.com, Inc.