

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CBS BROADCASTING INC.,<br>CBS STUDIOS INC.,<br>BIG TICKET TELEVISION, INC.,<br>NBC STUDIOS LLC,<br>OPEN 4 BUSINESS PRODUCTIONS LLC,<br>UNIVERSAL NETWORK TELEVISION, LLC,<br>NBC SUBSIDIARY (KNBC-TV) LLC,<br>TWENTIETH CENTURY FOX FILM<br>CORPORATION,<br>FOX TELEVISION STATIONS, INC.,<br>ABC HOLDING COMPANY INC.,<br>AMERICAN BROADCASTING COMPANIES,<br>INC.,<br>and DISNEY ENTERPRISES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FILMON.COM, INC.,<br><br>    Defendant. | Case No. 1:10-cv-7532-NRB |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/2012

## [PROPOSED] STIPULATED CONSENT JUDGMENT
## AND PERMANENT INJUNCTION

WHEREAS, on October 1, 2010, Plaintiffs CBS Broadcasting Inc.; NBC Studios LLC;

Universal Network Television, LLC; NBC Subsidiary (KNBC-TV) LLC; Twentieth Century Fox

Film Corporation; Fox Television Stations, Inc.; ABC Holding Company Inc.; and Disney

Enterprises, Inc. initiated the above-captioned action asserting claims of copyright infringement

12

against Defendant FilmOn.com, Inc. (the "Defendant") arising from Defendant's operation beginning September 27, 2010 of the service offered at www.filmon.com, in browsers and on mobile devices, and through the FilmOn HDi player ("FilmOn Service"); and

WHEREAS, Plaintiffs CBS Broadcasting Inc.; CBS Studios Inc.; Big Ticket Television, Inc.; NBC Studios LLC; Open 4 Business Productions LLC; Universal Network Television, LLC; NBC Subsidiary (KNBC-TV) LLC; Twentieth Century Fox Film Corporation; Fox Television Stations, Inc.; ABC Holding Company Inc.; American Broadcasting Companies, Inc.; and Disney Enterprises, Inc. (collectively the "Plaintiffs") filed an amended complaint (the "Amended Complaint") asserting claims of copyright infringement against Defendant (Plaintiffs and Defendant being collectively the "Parties") arising from Defendant's operation from September 27, 2010 of the FilmOn Service; and

WHEREAS, on November 22, 2010, the United States District Court for the Southern District of New York, the Honorable Naomi Reice Buchwald, presiding, entered a restraining order against Defendant and its agents, servants, employees, and attorneys, and all those acting in concert or participation with them, restraining them from infringing by any means, directly or indirectly, any of Plaintiffs' exclusive rights under section 106 (1)-(5) of the Copyright Act, including but not limited to through the streaming over mobile telephone systems and/or the Internet of any of the broadcast television programming in which any Plaintiff owns a copyright; and

WHEREAS, the Parties have reached agreement for resolution of this action, the full terms and conditions of which are set forth in the document entitled "Settlement Agreement," dated as of July 31, 2012 (the "Settlement Agreement"); and

13

WHEREAS, the Parties' Settlement Agreement is conditioned upon entry by the Court of a stipulated consent judgment and permanent injunction and the continuing jurisdiction of the Court on the terms and conditions set forth herein;

THEREFORE, the Parties stipulate and agree that this Court has jurisdiction to enter a stipulated consent judgment and permanent injunction on the following terms and conditions and that the Court shall have continuing jurisdiction for purposes of enforcing this consent judgment and permanent injunction and the Parties' Settlement Agreement, and request that the Court enter the attached [Proposed] Consent Judgment and Permanent Injunction Pursuant to Stipulation ("Stipulated Consent Judgment and Permanent Injunction").

IT IS SO STIPULATED.

Respectfully submitted,

By: _____
Peter L. Zimroth
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
peter.zimroth@aporter.com

-- and --

Robert Alan Garrett
Hadrian R. Katz
C. Scott Morrow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000
robert.garrett@aporter.com
hadrian.katz@aporter.com
scott.morrow@aporter.com

14

*Counsel for Plaintiffs*

By:

Toby Butterfield, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue
New York, NY 10022
(212) 826-5567
*tbutterfield@fkks.com*

*Counsel for Defendant*

15

Pursuant to the Settlement Agreement reached between Plaintiffs and Defendant, the foregoing stipulation of the Parties, and for good cause shown, the Court hereby enters the following Stipulated Consent Judgment and Permanent Injunction:

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

1. Defendant, its affiliated companies, and all of its officers, directors, agents, servants, and employees, and all natural and corporate persons in active concert or participation or in privity with any of them (collectively, the "Enjoined Persons") ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED from infringing, by any means, directly or indirectly, any of plaintiffs' exclusive rights under Section 106 (1)-(5) of the Copyright Act, including but not limited to through the streaming over mobile telephone systems and/or the Internet of any of the broadcast television programming in which any Plaintiff owns a copyright.

2. Violation of this Stipulated Consent Judgment and Permanent Injunction shall expose Defendant and all other persons bound by this Stipulated Consent Judgment and Permanent Injunction to all applicable penalties, including contempt of Court.

3. All claims and defenses in this action are hereby resolved by this Stipulated Consent Judgment and Permanent Injunction.

4. This Court shall retain continuing jurisdiction over the Parties and the action for purposes of enforcing this Stipulated Consent Judgment and Permanent Injunction and/or enforcing the Parties' Settlement Agreement.

5. All parties are to bear their own costs.

IT IS SO ORDERED.

The Honorable Naomi Reice Buchwald
United States District Judge

August 8, 2012

16