UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CBS Broadcasting, Inc., CBS Studios Inc., Big Ticket Television, Inc., NBC Studios LLC; Open 4 Business Productions LLC, Universal Network Television, LLC, NBC Subsidiary (KNBC-TV) LLC, Twentieth Century Fox Film Corporation, Fox Television Stations, Inc., ABC Holding Company Inc., American Broadcasting Companies, Inc., and Disney Enterprises, Inc.<br><br>　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>FilmOn.com, Inc.,<br><br>　　　　　　　Defendant. | Case No. 10 CV 7532 (NRB)<br><br>ECF CASE<br><br>**MEMORANDUM OF DEFENDANT FILMON.COM, INC. AND NONPARTY ALKIVIADES DAVID IN OPPOSITION TO PLAINTIFFS REQUEST FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT** |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO OSC RE CONTEMPT MOTION

Defendant FilmOn.com, Inc. ("FilmOn") and non-party Alkiviades David hereby oppose Plaintiffs' request for an entry of an Order to Show Cause why the Court should not hold FilmOn and Mr. David in contempt for violating the Stipulated Consent Judgment and Injunction entered on August 8, 2012 (the "Request").

### Preliminary Statement

Mr. David and FilmOn have not acted in contempt of this Court's Injunction order. Initially, Mr. David should not be held in contempt, because he was not a party to the consent judgment. That judgment was against FilmOn. FilmOn should not be held in contempt, because it has not violated the terms of the Injunction. And FilmOn's legitimate business operations, including its licensing of plaintiffs' content, have been conducted in good faith, without the necessary intent to warrant a finding of contempt. Prior to the entry of the Consent Judgment, FilmOn ceased operating the technology that was the subject of the Injunction. (Declaration of

1

Alkiviades David ("David Decl.") ¶ 2.)  FilmOn later developed a new video on demand service ("VOD") that does not infringe on any of plaintiffs' copyright. (David Decl. ¶ 3.)  FilmOn purchased rights to all of the VOD programming at issue from a third-party that represented it had legal right to provide FilmOn with the programming in question (all publicly-syndicated content already available for free on the internet).  The Court's Injunction does not prevent such conduct.  Accordingly, there is no cause for civil contempt sanctions. *Hart Schaffner & Mark v. Alexander's Dep't Stores, Inc.*, 341 F.3d 101, 102 (2d Cir. 1965) (per curiam) (Stating that civil contempt sanctions may be imposed only when the movant establishes by clear and convincing evidence that the opponent violated the district court's edict).  Plaintiffs' Request should be denied.

## Factual Background

Since March 2013, FilmOn has made available on its website certain VOD content purchased from a third party representing possession of legal title to provide such content to FilmOn. (David Decl. ¶¶ 11-12.)  The content provided to FilmOn was explicitly licensed, so that it did not in any way violate any copyright interest in the content and therefore did not fall within the ambit of the Injunction. (David Decl. ¶ 3.)  The content now being made available through FilmOn's website is already being made available for free over the internet by the content owners themselves and comes through the same form that the content owners originally posted it. (David Decl. ¶ 8.)  FilmOn's new system is simply an aggregator of all free content already available on the web in one convenient, consumer friendly place. (David Decl. ¶ 9.)

Neither FilmOn, nor any of its partners in this service purport to own the content that is provided. (David Decl. ¶ 10.)  Instead, FilmOn has partnered with a third-party provider, who unambiguously represented that it acquired the rights to stream the content legally. (David Decl. ¶¶ 11-12.)  FilmOn has repeatedly stated that it was willing to disclose the identity of the third party providers to plaintiffs, upon the entry of a protective order. (David Decl. ¶ 13.)  Plaintiffs have declined FilmOn's offer.

## Argument

### I. Mr. David Cannot Be Held In Contempt For Purported Violations Of A Stipulated Judgment To Which He Was Not A Party

Plaintiffs' motion seeks an Order to Show Cause why the Court should not hold FilmOn and Mr. David in contempt for violating the Stipulated Consent Judgment and Injunction (the "Injunction"). (Declaration of Ryan G. Baker ("Baker Decl.") Ex. D.) Mr. David, however, is not a party to the Injunction or stipulated judgment. The Injunction does not mention Mr. David. Instead, the Injunction applies solely to the conduct of "Defendant FilmOn.com, Inc. (the 'Defendant')." Plaintiffs provide neither argument nor explanation of how Mr. David could possibly violate an injunction to which he is not a party. Particularly in light of the drastic nature of contempt sanctions, plaintiffs' Request that Mr. David be held in contempt must be categorically rejected.

### II. CBS Cannot Make The Showing Necessary To Establish Contempt As To FilmOn

In order to receive civil contempt sanctions, a movant must establish: (1) the order the opponent failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the opponent has not diligently attempted to comply in a reasonable manner. *Parademics Electromedicina Comercial, Ltd. V. GE Med Sys. Info. Techs. Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). The first requirement is only met if the order leaves "no uncertainty in the minds of those to whom it is addressed." *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 116 (2d Cir. 1988). The party must "be able to ascertain from the four corners of the document expressly what acts are forbidden." *Drywall Tapers, Local 1974 v. Local 530, Oparative Plasterers Int'l Ass'n*, 889 F.2d 389, 395 (2d Cir. 1989). With respect to the second requirement, "the party seeking to hold another in civil contempt bears the burden of proof" to establish the offense by clear and convincing evidence. *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002). Because the civil contempt remedy is so severe, this standard lies between preponderance of evidence and proof beyond a reasonable

3

doubt on the evidentiary scale. *Upjohn Co. v. Medtron Laboratories, Inc.*, 894 F. Supp. 126, 133 (S.D.N.Y. 1995).

Here, it is not clear that the acts undertaken by FilmOn were forbidden by the order. (David Decl. ¶¶ 2-14.) The Injunction does not unambiguously prohibit FilmOn from streaming any content, instead prohibiting streaming content that infringes on plaintiffs' exclusive rights under Section 106(1) – (5) of the Copyright Act. (Baker Decl. Ex. D at ¶ 1.) For example, FilmOn could not ascertain from the four corners of the Injunction that an entirely new technology or service that was developed specifically and warranted by a third party to be completely non-infringing would violate the Injunction.

Moreover, plaintiffs have also not submitted clear and convincing evidence of infringement. Instead, they merely provide a conclusory statement that all streaming is prohibited. (Motion at 2.) Plaintiffs ignore FilmOn's purchase of rights, stating that no third party could be permitted to license the relevant programming to FilmOn.

### III.     FilmOn's Good Faith Reliance Cannot Be A Basis For A Finding Of Contempt

An order of contempt is also inappropriate here, because FilmOn has worked diligently to comply with the terms of the injunction. Immediately, following the issuance of the Injunction, FilmOn ceased operating its service as provided and revamped it so that it would not infringe on any of Plaintiffs' copyrights. (David Decl. ¶¶ 2-3.) FilmOn repeatedly informed plaintiffs of its efforts to comply with injunction. (David Decl. ¶ 4.)

District courts are required "to use the least possible power adequate to the end proposed" in selecting which sanctions are appropriate. *Spallone v. United States*, 493 U.S. 265, 276 (1990). Ensuring compliance with a prior order is an equitable goal which a court is empowered to pursue even absent a finding of contempt, based on what is necessary fair and workable. *Class v. Norton*, 376 F. Supp. 496, 501 (D. Conn.), *aff'd in part and rev'd in part on other grounds.* Here, *at worst* FilmOn relied in good faith on claims made by a third party regarding plaintiffs' content. FilmOn had every reason to believe the third party's claims regarding plaintiffs' content. An entire industry has developed around the online aggregation of content

4

referenced in plaintiffs' letters and many companies provide access to the same or similar publicly available content at issue in this motion – without any license or other agreement with the networks. For example, PlayOn.tv provides access to over 55 channels, including access to NBC, Fox, Fox News, FoxSoccer.tv, CBS, ABC, ESPN, and Disney programming, among others. (Baker Decl. Ex. E.) PlayOn is a service which "slings shows from a Windows PC to various devices, including tablets, smart-phones, game consoles, media center boxes, and the like. It's akin to Roku, with your PC filling the role of 'the box." (Rick Broida, CNET, "GetPlayOn and PlayLater for Life for $59.99" (Baker Decl. Ex. F).) This industry of "middle men" provide software solutions which aggregate all publicly syndicated internet content then offer their service as a "white label" product. FilmOn itself has purchased such services from a middle man, and is itself not directly aggregating any content. The Injunction does not bar FilmOn from displaying content to which it has validly acquired rights.

Here, given the substantial and wide ranging compliance efforts undertaken by FilmOn, the extreme and drastic measure of a contempt finding is not warranted. Plaintiffs' Request should be denied.

//
//
//
//
//
//
//
//
//
//
//
//

## Conclusion

For the forgoing reasons, the Court should deny plaintiffs' Request for a finding of contempt and terminate the contempt proceedings.

By: _____
Ryan G. Baker (Admitted *Pro Hac Vice*)

Ryan Baker
Baker Marquart LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800 / Fax: (424) 652-7850
E-Mail: rbaker@bakermarquart.com

Counsel for Defendant FilmOn.com, Inc. and
Non-Party Alkivaides David

Dated: July 15, 2013