UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CBS BROADCASTING INC.,
CBS STUDIOS INC.,
BIG TICKET TELEVISION, INC.,
NBC STUDIOS LLC,
OPEN 4 BUSINESS PRODUCTIONS LLC,
UNIVERSAL NETWORK TELEVISION, LLC,
NBC SUBSIDIARY (KNBC-TV) LLC,
TWENTIETH CENTURY FOX FILM CORPORATION,
FOX TELEVISION STATIONS, INC.,
ABC HOLDING COMPANY INC.,          Case No. 1:10-cv-7532-NRB
AMERICAN BROADCASTING COMPANIES, INC.,
and DISNEY ENTERPRISES, INC.,

       Plaintiffs,

v.

FILMON.COM, INC.,

       Defendant.

## MEMORANDUM OF PLAINTIFFS IN SUPPORT OF ORDER TO SHOW CAUSE

      Plaintiffs respectfully request entry of an Order to Show Cause why the Court should not

hold defendant FilmOn.com, Inc. and Alkiviades David (collectively "FilmOn") in contempt for

violating the Stipulated Consent Judgment and Injunction entered on August 9, 2012 (Dkt.

No. 49) (the "Injunction"). That Injunction permanently enjoined FilmOn:

> its affiliated companies, and all of its officers, directors, agents,
> servants, and employees, and all natural and corporate persons in
> active concert or participation or in privity with any of them . . .
> from infringing by any means, directly or indirectly, any of
> plaintiffs' exclusive rights under Section 106 (1)-(5) of the
> Copyright Act, including but not limited to through the streaming
> over mobile telephone systems and/or the Internet of any of the
> broadcast television programming in which any Plaintiff owns a
> copyright.

Injunction ¶ 1.

Immediately after this Court entered its Injunction against FilmOn, FilmOn, and its affiliate Aereokiller LLC (later renamed FilmOnX, LLC), launched a new service, originally named "Barrydriller.com" and later called "FilmOnX," that streamed Plaintiffs' copyrighted broadcast programming over the Internet without permission.  FilmOn (and its co-defendants) claimed this new service operated like Aereo, another Internet streaming service, and did not infringe, based upon a ruling by another Judge in this Court involving Aereo.[1]  Last week, the Supreme Court reversed the Second Circuit's affirmance of the denial of a preliminary injunction against Aereo and found that Aereo's service infringes the public performance right.  *Am. Broad. Cos. v. Aereo, Inc.*, --- S. Ct. ---, 2014 WL 2864485, at *4 (June 25, 2014).  Aereo had attempted to avoid copyright liability by use of miniature antennas and subscriber associated copies.

Within days of the Supreme Court's *Aereo* decision, FilmOn announced that it would begin offering yet another new service -- called "Teleporter" -- through which it would offer Plaintiffs' broadcast television programming over the Internet to paying subscribers without the consent of the affected broadcasters or copyright owners.  According to FilmOn, the "Teleporter" service enables viewers in eighteen cities nationwide (including New York City) to watch programming owned by Plaintiffs and others over the www.filmon.com website and web applications.  FilmOn further claims that its "transporter" technology "transports" viewers and allows them to watch television through a mini-computer screen located in each of those cities. Declaration of Christopher Scott Morrow ("Morrow Decl."), Ex. 6.  Plaintiffs' own investigation

---

[1]  A number of parties, including Plaintiffs here, filed an action in Los Angeles against affiliated FilmOn entities in the Central District of California (Wu, J.) and the court issued a preliminary injunction in December 2012, restraining the FilmOnX service from streaming Plaintiffs' copyrighted works within the Ninth Circuit.  FilmOnX then launched the same service in the District of Columbia, so a similar action was filed there.  The District Court for the District of Columbia (Collyer, J.) issued a preliminary injunction in September 2013, restraining the FilmOnX service from streaming Plaintiffs' copyrighted works nationwide, except in the Second Circuit.

reveals that FilmOn already has commenced its so-called "Teleporter" service, which infringes Plaintiffs' copyrights. FilmOn is currently offering local New York broadcast channels carrying Plaintiffs' copyrighted works to FilmOn subscribers not only in New York but also in Los Angeles, Dallas, and San Francisco. *Id.* ¶¶ 2-6, Exs. 1-5.

Publicly performing Plaintiffs' copyrighted programs in any manner without permission is expressly proscribed by the Injunction. Injunction ¶ 1. Moreover, the Supreme Court's recent decision in *Aereo*, 2014 WL 2864485, at *4, makes clear that FilmOn's "Teleporter" service, as described in FilmOn's own press releases, infringes Plaintiffs' exclusive rights under the Copyright Act, including, in particular, their exclusive right to "perform the copyrighted work publicly," 17 U.S.C. § 106(4).

The August 8, 2012 Injunction specified that any violation of the Injunction would subject FilmOn and all affiliated entities and persons to "all applicable penalties, including contempt of Court." Injunction ¶ 2. A defendant may be held in civil contempt for violating a court order where, as here, "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Perez v. Danbury Hosp.*, 347 F.3d 419, 424-25 (2d Cir. 2003) (internal quotation marks omitted). *See also Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 642 F. Supp. 2d 276, 303-304 (S.D.N.Y. 2009) (holding defendant in contempt and awarding fees, costs and damages for breach of injunction agreed to in settlement).

These elements are met. The Injunction unambiguously prohibits FilmOn from using any means to infringe Plaintiffs' exclusive rights under the Copyright Act. And there is clear and convincing evidence that FilmOn is violating that prohibition by offering Plaintiffs' copyrighted

broadcast programming over the Internet to paying subscribers without permission. Morrow Decl. ¶¶ 2-4, Exs. 1-3. Moreover, FilmOn has not attempted to comply with the Injunction at all, let alone in a reasonable manner. To the contrary, just days after the Supreme Court decided the *Aereo* case, FilmOn launched another Internet television service -- "Teleporter" -- which, as described by FilmOn itself, is infringing and runs afoul of the *Aereo* decision.

This is not the first time FilmOn has violated this Court's Injunction. On September 10, 2013, this Court issued an order (Dkt. No. 74) finding FilmOn in contempt of the Injunction, based on FilmOn's launching of a video on demand ("VOD") service that infringed Plaintiffs' copyrights in their broadcast television programming. In the Court's October 3, 2013 Judgment on the contempt order (Dkt. No. 89), the Court held that FilmOn's VOD service violated the broad language of the Injunction. Accordingly, the Court restrained FilmOn from further infringing Plaintiffs' copyrighted programming through the VOD service, and stated that it would impose a penalty of $10,000 for each day of noncompliance with the Injunction, in addition to allowing Plaintiffs the option of requesting a proceeding to assess damages from such noncompliance.

FilmOn has no defense to its current clear and deliberate violation of the Injunction. Based upon a press release FilmOn has issued, FilmOn apparently is relying on the already-rejected argument that it is a "cable system" within the meaning of Section 111 of the Copyright Act. *See* Morrow Decl. Ex. 7. Under the Injunction, however, FilmOn is precluded from asserting that defense, *see* Injunction ¶ 3, which FilmOn unsuccessfully raised in this action, *see* Dkt. No. 44, at 5 (FilmOn's Answer to Pls.' First Am. Compl.) (Third Affirmative Defense) ("Defendant is exempt from liability for copyright infringement because it is a 'cable system' as defined in Section 111(f) of the Copyright Act . . . .").

Accordingly, the Court should enter an Order to Show Cause why FilmOn should not be held in contempt for violating the Injunction by launching its new "Teleporter" service and offering Plaintiffs' copyrighted content over mobile networks and the Internet without their consent.  If the Court finds FilmOn to be in contempt, FilmOn should be ordered immediately to cease its unauthorized offering of Plaintiffs' copyrighted programming, including over the Teleporter service; coercive penalties should be imposed as necessary to enforce the Injunction, including at a minimum the $10,000 penalty for each day the contempt continues; and damages should be awarded to Plaintiffs in an amount reflecting the severity of FilmOn's misconduct.

//

//

By: _____

Peter L. Zimroth
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
peter.zimroth@aporter.com

-- and --

Robert Alan Garrett
Hadrian R. Katz
C. Scott Morrow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000
robert.garrett@aporter.com
hadrian.katz@aporter.com
scott.morrow@aporter.com

Counsel for Plaintiffs

Dated: July 2, 2014

## CERTIFICATE OF SERVICE

This is to certify that I have on this, the third day of July 2014, caused to be served the

herein Memorandum of Plaintiffs in Support of Order to Show Cause and Declaration of C. Scott

Morrow on the following parties via personal service and by U.S. mail:

Ryan Baker, Esq.
Jaime Marquart, Esq.
10990 Wilshire Blvd, Fourth Floor
Los Angeles, CA 90024

rbaker@bakermarquart.com
jmarquart@bakermarquart.com

424.652.7800 tel
424.652.7850 fax

Counsel for FilmOn.Com, Inc. and Mr. Alkiviades David

ARNOLD & PORTER LLP

Louis H. Champagne