UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CBS BROADCASTING INC.,<br>CBS STUDIOS INC.,<br>BIG TICKET TELEVISION, INC.,<br>NBC STUDIOS LLC,<br>OPEN 4 BUSINESS PRODUCTIONS LLC,<br>UNIVERSAL NETWORK TELEVISION, LLC,<br>NBC SUBSIDIARY (KNBC-TV) LLC,<br>TWENTIETH CENTURY FOX FILM CORPORATION,<br>FOX TELEVISION STATIONS, INC.,<br>ABC HOLDING COMPANY INC.,<br>AMERICAN BROADCASTING COMPANIES, INC.,<br>and DISNEY ENTERPRISES, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>FILMON.COM, INC.,<br><br>       Defendant. | Case No. 1:10-cv-07532-NRB |

## SUPPLEMENTAL DECLARATION OF ANTHONY D. BOCCANFUSO IN SUPPORT OF PLAINTIFFS' ORDER TO SHOW CAUSE RE CONTEMPT OF INJUNCTION

I, ANTHONY D. BOCCANFUSO, declare under penalty of perjury:

1.      My name is Anthony D. Boccanfuso. I am a litigation manager at Arnold & Porter LLP, counsel for Plaintiffs. I submit this Supplemental Declaration in connection with Plaintiffs' Order to Show Cause why the Court should not hold defendant FilmOn.com, Inc. and Mr. Alkiviades David (collectively "FilmOn") in contempt for violating the Stipulated Consent Judgment and Injunction entered on August 8, 2012 ("Injunction").

2.      Attached hereto as Exhibit 10 is a true and correct copy of a July 23, 2014 letter from the United States Copyright Office to Defendant FilmOn.

I declare under penalty of perjury that the foregoing is true and correct.

ANTHONY D. BOCCANFUSO

Executed on July 24, 2014

2

# EXHIBIT 10



**United States Copyright Office**
Library of Congress · 101 Independence Avenue SE · Washington, DC 20559-6000 · www.copyright.gov

**By Email and First-Class Mail**

July 23, 2014

Yelena Calendar
3-1 N. Canon Dr. Suite #208
Beverly Hills, CA 90210

Re: Section 111 Statement of Account Filings

Dear Ms. Calendar:

Invoking the statutory license for secondary transmissions by cable systems in 17 U.S.C. § 111, FilmOn.com, Inc. ("FilmOn") has tendered to the U.S. Copyright Office fourteen statements of account ("SOAs") covering reporting periods from January 1, 2014 to June 30, 2014, along with associated royalty and filing fees totaling $938.00.

We understand FilmOn to be an internet-based service that retransmits broadcast television programming. In the view of the Copyright Office, such a service falls outside the scope of the Section 111 license.[1] Significantly, in *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275 (2d Cir. 2012), the Second Circuit deferred to and agreed with the Office's interpretation of Section 111. As explained in that case, Section 111 is meant to encompass "localized retransmission services" that are "regulated as cable systems by the FCC." *Id.* at 284 (quoting 57 Fed. Reg. 3284, 3292 (Jan. 29, 1992)). We do not see anything in the Supreme Court's recent decision in *American Broadcasting Cos. v. Aereo, Inc.*, 134 S. Ct. 2498 (2014), that would alter this conclusion.

According to established Copyright Office practice, the Office may accept FilmOn's SOA filings without comment; accept them provisionally, either taking no position or commenting upon any reservations we may have about the filings; or refuse the filings as not eligible under the compulsory license. *See* 53 Fed. Reg. 17962, 17963 (May 19, 1988). For the reasons discussed above, the Office does not believe FilmOn qualifies for the Section 111 statutory license, and will not process FilmOn's filings at this time.[2] In recognition that the question of eligibility of internet-based retransmission services for the Section 111 license appears to have been raised

---

[1] *See, e.g.,* U.S. Copyright Office, *A Review of the Copyright Licensing Regimes Covering Retransmission of Broadcast Signals* 91-99 (1997); *Copyright Broadcast Programming on the Internet: Hearing Before the Subcomm. on Courts and Intellectual Property of the Comm. on the Judiciary,* 106th Cong. 25-26 (2000) (statement of Marybeth Peters, Register of Copyrights).

[2] Because FilmOn does not appear to be eligible for the statutory license, the Office does not at this time address other potential concerns about the adequacy of FilmOn's filings under Section 111.

again before the courts, however, the Office will not refuse FilmOn's filings but will instead accept them on a provisional basis.[3]  FilmOn should be aware that, depending upon further regulatory or judicial developments, and/or based upon the Office's own further review of the issue, the Office may subsequently determine that it is appropriate to take definitive action on FilmOn's filings, which could include rejection of the statements.

Lastly, we understand that FilmOn has communicated to our Licensing Division a desire to amend its recently submitted filings.  Any such amended SOA would be accepted on the provisional basis described above.  Should FilmOn choose to submit corrected filings, please be sure each amended SOA is accompanied by the requisite $150 fee.  *See* 37 C.F.R. 201.3(e).

Sincerely,

Jacqueline C. Charlesworth
General Counsel and Associate Register
of Copyrights

---

[3] We also note the pendency of a proceeding before the Federal Communications Commission concerning whether internet-based services may be treated as "multichannel video programming distributors" for purposes of communications law, the outcome of which could impact the analysis under Section 111, as Section 111 limits the statutory license to retransmission services that are "permissible under the rules, regulations, or authorizations of" the FCC.  *See Media Bureau Seeks Comment on Interpretation of the Terms "Multichannel Video Programming Distributor" and "Channel" As Raised in Pending Program Access Complaint Proceeding*, MB Docket No. 12-83, DA 12-507 (released Mar. 30, 2013), *available at* http://www.fcc.gov/document/media-bureau-seeks-comment-interpretation-mvpd-and-channel.